UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 1:08CV718 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | [Resolves Docs. 40, 45] |
| Carol L. Shelly, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | |

This matter is before the Court upon cross-motions for summary judgment.[1] For the reasons stated herein, the Government's motion is GRANTED, and Defendants' motion is DENIED.

**I.  Facts**

The underlying facts giving rise to this matter are undisputed. Defendant Timothy Shelly and his wife, Defendant Carol Shelly, own and operate Shelly Glass and Upholstery. Prior to 2005, neither Timothy nor Carol Shelly filed tax returns for the years 1991 through 1994. Since the Shellys did not file tax returns, the Government sought and received banking information in an effort to assess the Shellys. The Government sent notices of a deficiency to the Shellys on October 27, 1997. Following that notice, neither Shelly petitioned the United States Tax Court to contest the assessments. On March 23, 1998, the Government formally made assessments against the Shellys for their unpaid taxes from 1991 through 1994.

---

[1] Defendants filed four separate motions for summary judgment, but this Court has since consolidated those motions.

On March 21, 2008, the Government filed this suit, seeking to reduce the assessments to judgment and foreclose upon certain properties. After filing suit, the Government recognized that it had abated Carol Shelly's tax liabilities for 1992 and 1993. As a result, it no longer seeks judgment against Carol Shelly for those years. In addition, during the course of discovery in this matter, the Shellys have produced a substantial amount of information related to business expenses and deductions. Based on the information accepted and verified by the Government, the Government also no longer seeks any judgment for 1994. The Government, however, still seeks to reduce to judgment the 1991 assessment against both the Shellys and its 1992 and 1993 assessments against Timothy Shelly.

In addition to naming the Shellys as defendants, the Government also named Joann Myers. Myers is not name in her personal capacity, but rather in her capacity as a trustee for the UBEE Rental Land Trust. This trust holds title to property that the Government contends can properly be foreclosed upon following a judgment in this matter.

On November 30, 2009, the Shellys and Myers moved for summary judgment through four separate motions. On December 1, 2009, the Government moved for summary judgment. The briefing on the motions closed on January 14, 2010, with the filing of the Shellys' reply brief. The matter now appears before the Court.

**II.**     **Legal Standard**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden of proving the absence of any "genuine issues" is borne by the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determining whether a factual issue is "genuine" requires considering the applicable evidentiary burdens. *Id.* at 252. Moreover, when deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushito Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-moving party. The non-moving party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). Moreover, Fed. R. Civ. P. 56(e)(2) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Accordingly, summary judgment analysis examines whether a trial is necessary and judgment is therefore appropriate when there are no genuine issues of material fact. *Anderson*, 477 U.S. at 250.

**III.    Legal Analysis**

In its motion, the Government contends that it has properly determined the assessments at issue. The Sixth Circuit has previously opined on the presumption of validity that attaches to IRS assessments.

> The Commissioner's determination of tax liability, if calculated according to an acceptable procedure, such as the net worth method, is presumptively correct and places the burden of producing contrary evidence upon the taxpayer. Generally, the taxpayer will bear not only the burden of production, but also the burden of proving by a preponderance of the evidence that the Commissioner's assessment is "arbitrary and excessive." When, for example, the IRS bases an assessment on the disallowance of deductions, "placing the burden of proof on the taxpayer is reasonable because the taxpayer has better access to evidence of the underlying transactions." Where the taxpayer is confronted with the daunting task of proving that he did not receive income attributed to him in an assessment, however, this circuit has established a less severe rule….
>
> Whether the issue in dispute is the taxpayer's receipt of income, in which case the government must bear the ultimate burden of persuasion, or the payment of expenses, in which case the burden of persuasion remains with the taxpayer, the government can never rest its case on an assessment that lacks a minimal evidentiary foundation.

*United States v. Walton*, 909 F.2d 915, 918-19 (6th Cir. 1990) (citations omitted).

In the instant matter, there is no dispute that the Government's assessments were arrived at through a proper method. The Government has put forth in great detail the manner in which the assessments were generated. The Shellys have not contested in any way the manner in which the Government conducted the assessment. Accordingly, the assessments are presumptively valid.

Additionally, the Shellys do not appear to challenge the Government's calculations regarding their income. Instead, the Shellys contend that the Government has improperly refused to reduce their income to account for valid business expenses. In particular, the Shellys contend that the Government has not properly credited payroll expenses for the business at issue.

The Shellys' argument suffers from one significant, fatal flaw.  The Shellys have produced no evidence in support of their alleged deductions.  In fact, while filing four separate motions, a brief in opposition to the Government's motion, and a reply brief, the Shellys have offered no evidence of any kind.  No affidavits, documentary evidence, or ever references to deposition transcripts are contained in their filings.  Rather, the Shellys' argument appears to rest on two faulty assumptions.  First, the Shellys appear to contend that the Government accepted the validity of their expenses.  There is nothing before this Court to support that assertion, and the Government flatly denies in its response brief that any such agreement was made. Second, the Shellys appear to believe that the Government must offer a specific reason for refusing certain expenses or those expenses will otherwise be found to be valid.  However, as noted above, the burden is on the Shellys to demonstrate the proper nature of their deductions.  Having produced none of the paperwork necessary to support these alleged deductions and offering no legal argument on why the deductions should be included, the Shellys have failed to meet their burden.[2]

Additionally, the Shellys contend that the Government's computations create a genuine issue of material fact because they have not remained consistent throughout the litigation.  There is no dispute that the Government's claim regarding the assessment has varied in amount throughout the litigation.  However, the variance is due in large part to crediting the Shellys with deductions once discovery was conducted in the matter.  Moreover, regardless of any prior demand by the Government, the sole evidence before the Court supports the amount now sought.  As such, the Shellys' argument lacks merit.

---

[2] To the extent that the Shellys have argued that the Court should estimate expenses for the time period that their records were destroyed, the Shellys have again failed to provide any evidence *to the Court* upon which such an estimate could be based.

With respect to Myers, the sole argument before the Court appears to be that she should not have been named as a party.  The Court rejects such an argument.  The evidence before the Court indicates that the Shellys set up the UBEE Land Trust in 1993.  The Shellys have admitted that they retained full control over the trust assets at all times and that they transferred property to the trust on June 29, 1993, for no consideration.  In that respect, "[t]he Supreme Court has broadly interpreted section 6321 to include not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer."  *Spotts v. United States*, 429 F.3d 248, 251 (citing *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977)).  Under the facts presented, there is no conceivable argument that the Trust property is not properly subject to this action.  Myers exercised no control over the property, while the Shellys maintained full control over the Trust and its assets.  The Trust gave no consideration for the real estate, and the Shellys admittedly transferred the property to protect it from any lawsuits.  Accordingly, this action properly reaches the real estate that is titled to the Trust.  *See Spotts*, 429 F.3d at 253, n.2 (detailing the six factors commonly reviewed to determine whether the third party is nothing more than a nominee).

In closing, the Court notes that this matter has taken a circuitous route to its end.  The Government's demand fluctuated greatly from the time it filed its complaint to the time it sought summary judgment.  In large part, however, those fluctuations resulted from the Shellys finally producing documentation of their alleged expenses, long after the period during which they should have filed tax returns.  In the end, the Government has produced undisputed evidence that its assessments were properly calculated.  In response, the Shellys have offered no evidence of

6

any kind to support their alleged deductions and expenses.  The Government's motion, therefore, is well taken.

## IV. Conclusion

Based upon the reasons stated herein, the Government's motion for summary judgment is GRANTED.  For the same reasons, the motions filed by Myers and the Shellys are DENIED.

IT IS SO ORDERED.


 January 21, 2010                                             */s/ John R. Adams*
Date                                                          JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE

7