UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.:  1:08CV718 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROL L. SHELLY, et al. | ) | |
| | ) | (Resolving Document #60) |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on a motion for relief under Fed.R. Civ.P. 60(B) filed by Defendants.  In the alternative, the motion seeks to modify the Court's judgment pursuant to Fed.R. Civ.P. 59.  The Court has been advised, having reviewed the motion, pleadings, and applicable law.  Upon consideration, the motion is DENIED.

**I. Facts**

On January 21, 2010, this Court granted the Government's motion for summary judgment.  In so doing, the Court entered judgment against Defendants Carol L. Shelly and Timothy H. Shelly.  The Court also permitted the Government to propose foreclosure proceedings for the real properties at issue.  To date, no procedures have been proposed.

On February 18, 2010, the Shellys moved for relief from the judgment under Fed.R. Civ.P. 60.  The Government responded in opposition to the motion on March 5, 2010, and the Shellys replied on March 15, 2010.  The Court now resolves the motion.

**II. Legal Standard**

Under Rule 60(b), the motion may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (quoting Fed.R. Civ.P. 60(b)). This Court also considers three factors when determining whether judgment should be vacated: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. *United Coin Meter*, 705 F.2d at 845.

**III. Legal Analysis**

The Shellys first assert that this Court lacked jurisdiction over this action because the Government failed to comply with the notice requirements of 26 U.S.C. § 6212. The Court finds no merit in this contention.

26 U.S.C. § 6212(b)(1) provides in relevant part that "notice of a deficiency in respect of a tax imposed ... if mailed to the taxpayer at his last known address, shall be sufficient[.]" Furthermore, 26 U.S.C. § 6213(a) provides in relevant part:

> no assessment of a deficiency in respect of any tax imposed ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer....

"This notice shall be sufficient if mailed to the taxpayer at his last known address." *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 692 (11th Cir. 1985) (internal quotation marks omitted).  In addition, the taxpayer bears "the burden of providing the IRS with a clear and concise notification of any change in address." *Id.* at 693 n.1 (quotation marks omitted). The IRS, however, must exercise reasonable diligence in determining the last known address. *Johnson v. Comm'r of Internal Revenue*, 611 F.2d 1015, 1021 (5th Cir. 1980).  The Shellys contend the Government failed to comply with these provisions, depriving this Court of jurisdiction over this action.

Initially, the Court notes that it finds itself in agreement with the Government that the Shellys did not provide certain documents during the discovery phase of this litigation and now seek to, in part, rely on those documents.  However, as the Court finds that the motion has no merit regardless of the consideration of these documents, it finds no need to address the Government's request to strike the documents.

The Shellys assert that they clearly and concisely conveyed to the Government that all notices should be sent to a P.O. Box address rather than their business address. This Court disagrees.

There is no question that Timothy Shelly sent a letter to the IRS on May 12, 1994. The letter stated in relevant part as follows:

> "I do have a mailing location for any further correspondence which should be done exactly in the following manner…. The mailing location is: Timothy H. Shelly, c/o P.O. Box 503, Wadsworth, Ohio state, non-domestic postal zone 44281.  (Given with reservations to all my rights in regards to the postal zone number.)

3

Doc. 603 at 1. The remainder of the letter contains frivolous anti-tax arguments. Moreover, following the paragraph providing his address, Timothy Shelly asserts that his "mailing location is not into a two (2) letter state with a federal zip code. I am not a resident citizen of the federal State of Ohio designated by an "Oh" and 44281-federal zone."

In an attempt to honor Mr. Shelly's request, the Government sent its next piece of correspondence to the P.O. Box address. Doc. 60-4 (letter dated December 19, 1994). The letter set an appointment for Mr. Shelly to meet with an agent and determine his proper tax liability. As the letter proposed a date of January 12, 1994, rather than the upcoming date of January 12, 1995, the Shellys apparently ignored the letter.

Next, the Government sent a summons to the P.O. Box address. The certified mail document was returned as "refused." As a result, the Government sent out a second summons, this time using the Shellys' business address. This summons was not refused and there is no dispute that the Shellys received this summons and were aware of its demands. In fact, Carol Shelly sought to quash the summons at a later date, including reiterating her anti-tax arguments. In that motion to quash, Carol Shelly again asserted that the business address was not a proper address for receiving documentation.

The Shellys contend that the above correspondence offered the Government clear and concise evidence of their intentions to utilize only the P.O. Box address. The Court cannot agree. Any reference by the Shellys to the P.O. Box was inextricably intertwined with their frivolous anti-tax arguments. In Timothy Shelly's letter, he attempts to disavow a portion of even the P.O. Box address in some attempt to avoid federal taxation. When Carol Shelly sought to quash the summons, she again asserted numerous frivolous

anti-tax arguments.  The Shellys themselves compounded this problem by refusing mail at the P.O. Box address and then subsequently accepting mail at the business address.  After accepting this mailing, Carol Shelly then sought to quash the summons and again assert the P.O. Box address as the proper mailing address.

Based upon the above facts, it was not unreasonable for the Government to conclude that the business address was the proper mailing address.  This was the only address to which documents were sent and from which the Government received a response.  Moreover, it had been used on previously filed documents.  Finally, given the manner in which the Shellys' conducted themselves, raising frivolous anti-tax issues over and again and refusing mail at what they labeled their preferred address, the Shellys' did not satisfy their burden of *clearly and concisely* providing a new address to the Government.

Finally, while the Shellys testified that they did not receive actual notice of the deficiencies; their credibility is strained at best at this point.  It is beyond dispute that the Shellys received documents from the IRS at the business address, even seeking to quash those documents in court proceedings.  That fact coupled with the anti-tax stance taken by the Shellys diminishes the credibility of any statements that documents were not received.

Based upon the above, the Court finds that the Shellys failed to clearly and concisely notify the IRS of a change in their address.  Instead, their actions appear to have accomplished precisely what the Shellys sought out to do: confuse the IRS and later seek to take advantage of that confusion.  The pending motion is DENIED to the extent is challenges this Court's jurisdiction.

The remainder of the motion is also DENIED.  The remaining portions of the motion seek to do nothing more than re-litigate this action. The Shellys seek to introduce dozens of cancelled checks and challenge the legitimacy of the Government's calculations of their tax liability.  Despite filing four separate motions for partial summary judgment, none of these arguments or documents was submitted prior to judgment.  In that respect, "Rule 59 is not intended to give a disgruntled litigant the opportunity to re-argue his case or to re-litigate previously-decided matters."  *Hughes v. Haviland*, No. 1:04CV593, 2007 WL 3376653  (N.D. Ohio Oct. 16, 2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).  This Court, therefore, will not entertain the motion's arguments that seek to re-litigate issues already decided.

This aspect of the motion is particularly troubling to the Court.  Due to the *pro se* status of Defendants for a portion of this litigation, the Court was exceedingly generous in allowing the matter to move slowly.  The Shellys' tax counsel was permitted to appear by phone during proceedings, despite not having entered an appearance in the matter.  Time and again, this Court extended dates in order for the Shellys to challenge the Government's position, to afford them time for discovery, and to afford time to their new attorney to get up to speed in the matter.

Despite all of these accommodations, the Shellys effectively mounted no timely defense to the Government's motion for summary judgment.  No documents or affidavits were provided in opposition to the motion.  For that matter, no evidence was offered in support of any of the motions filed by Defendants.  Then, post-judgment, the Shellys seek to raise new arguments never presented to this Court and seek to offer a substantial

6

number of documents for the Court's consideration. The substantive arguments are untimely. This Court afforded the Shellys every opportunity to litigate this matter prior to judgment. It will not permit them to revive the litigation post-judgment simply because they are unhappy with prior counsel or the Court's judgment.

### IV. Conclusion

Defendants' motion to vacate and/or alter judgment is DENIED.

IT IS SO ORDERED

April 12, 2010 　　　　　　　　　　　　　____/s/ Judge John R. Adams_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT