ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:08CV718 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CAROL L. SHELLY, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a motion for relief from judgment (Doc. 102) filed by Defendants Carol and Timothy Shelly.  The Shellys have also moved for leave (Doc. 105) to supplement that motion.  The motion for leave is GRANTED.  The Court will consider the totality of the pleadings and submissions of the Shellys in evaluating their motion for relief from judgment.

The Shelly's motion appears to argue for relief under both Rule 60(b)(3) and 60(b)(6).  Because public policy favors the finality of judgments, relief under either subsection (b)(3) or (b)(6) requires clear and convincing evidence. *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). "At this late stage of the litigation, then, mere allegations of meritorious defenses will not satisfy [the Shellys'] burden.  *Travelers Casualty and Surety Co. of America v. J.O.A. Construction Co., Inc.*, 479 Fed. Appx. 684, 693 (6th Cir. 2012).

Initially, the Court notes that no fraud on the Court was committed.  Despite attempts to frame the issue in that manner, the Shellys' contentions that their attorney never opposed summary

judgment with documentary evidence does not rise to the level of fraud on the Court, leaving the Court to examine their claims under Fed. R. Civ. P. 60(b)(6).

The "catchall provision" in subsection (b)(6) authorizes relief only in "exceptional or extraordinary circumstances which are not addressed" by Rule 60's other subsections. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal quotation marks and citations omitted). In addition to exceptional circumstances, "principles of equity [must] mandate relief" for subsection (b)(6) to apply. *Id*. Accordingly, the movant must show: (1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment. *Export–Import Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010).

The Shellys' motion fails for numerous reasons.  Initially, the Court finds it highly unlikely that the Shellys have shown exceptional circumstances.

> In civil cases, the law generally holds clients responsible for the actions and omissions of their chosen attorneys, even if inexcusably negligent. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993); *Allen v. Murph*, 194 F.3d 722, 723 (6th Cir. 1999); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n. 10 (1962) (suggesting that the proper remedy for a neglected client "is against the attorney in a suit for malpractice"). Appellants correctly note that courts occasionally deem attorneys' misconduct sufficiently egregious to warrant post-judgment relief for their abused clients. *E.g., Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) (affirming district court's grant of 60(b)(6) relief where attorney's failure to attend a docket call led to dismissal of the case for lack of prosecution, and the negligent attorney failed to inform the client of the dismissal for more than a year despite the client's frequent inquiries); *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc.*, No. 98–5041, 1999 WL 98590, at *4–6 (6th Cir. Jan. 26, 1999) (reversing district court and granting 60(b)(6) relief from a default judgment where attorney: stole money from his clients; lied to his clients about the case status; failed to file a Rule 26 report and timely opposition to the adversary's summary judgment motion; and failed to appear at numerous noticed depositions); *Patterson v. Twp. of Grand Blanc,* 760 F.2d 686, 687–88 (6th Cir. 1985) (reversing district court's Rule 41(b) dismissal for failure to prosecute because plaintiff was not culpable in attorney's failure to conduct discovery, timely file discovery responses, or obey multiple court orders); *see also Boughner v. Sec'y*

*of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3rd Cir. 1978) (vacating judgment where attorney actively campaigning for a common pleas judgeship failed to file a responsive pleading in more than 50 cases, effectively "leaving his clients unrepresented"); *but see Soto v. Minet*a, No. 01–71244, 2008 WL 4428010, at * 14–18 (E.D.Mich. Sept. 30, 2008) (denying post-judgment relief, despite attorney's failure to oppose summary judgment motion, where attorney's performance involved "no subordination of her client's interests," or "intentional abandonment or sabotage of [the client's] case").

*Travelers*, 479 Fed. Appx. at 696.

Herein, the Shellys' counsel in fact opposed the Government's motion for summary judgment.  The Shellys, however, contend that their counsel's failure to support the opposition with any documentary evidence of any kind is the equivalent of outright abandonment.  The Court finds no merit in this contention.

First, there has *never* been a showing of what evidence could have been presented that would have altered the Court's decision on summary judgment.  The Court is well aware of how this matter progressed up until the point of judgment.  Time and again, the Court granted wide latitude to the Shellys, both when they had counsel and when they appeared pro se.  After numerous continuances, discovery was finally provided to the Government.  The Government then rejected the Shellys' requests for deductions as unsupported by their documentation.  In reviewing the propriety of the Government's position on this issue, the Sixth Circuit held as follows:

> The Shellys resist this conclusion on the ground that the government's method of accounting for cancelled checks they provided was "arbitrary" because it allowed business-expense deductions for their cancelled checks only when the checks had matching business-related invoices. Br. at 16.  Why this amounts to an arbitrary accounting requirement is beyond us. By themselves, the cancelled checks indicate only that the Shellys spent money on something, not that they did what is required to obtain a deduction: incur business-related expenses.

Doc. 98 at 4-5.  In other words, the Shellys took issue with how the Government viewed the

evidence.   There is simply nothing before this Court to suggest that the Shellys *had any evidence* that would support their claims for deductions beyond that provided and utilized by the Government.   As such, the matter came down to whether the Government's treatment of that evidence was proper.   As this Court and the Circuit found that the Government properly rejected the Shellys' arguments for deductions, it is difficult to determine what prejudice stemmed from counsel's failure file evidence with his opposition to the motion for summary judgment.

Furthermore, the above analysis also firmly demonstrates that the Shellys have failed to show by any evidentiary standard that they have a meritorious defense.   In support, the Shellys once again rely on cancelled checks and claim that they substantiate business expenses.   As noted above, the Sixth Circuit expressly found that the Government's requirement that the cancelled checks be accompanied by business invoices was wholly reasonable.

Moreover, even if the Shellys could belatedly produce cancelled checks and matching invoices, equity would not support granting their motion.   While the Shellys contend that their counsel's culpable conduct should not be attributed to them, the Shellys ignore that their failure to timely produce documentation to the Government was not the result of their last counsel.   They had numerous prior attorneys and further proceeded pro se for a significant period of time. Throughout the time, they failed time and again to produce a full accounting of their business records to the Government.   Moreover, this Court made every effort to allow the parties to attempt to resolve this matter short of a formal resolution by the Court.   The Shellys failed to take advantage of these opportunities.

In summary, while the Shellys' last choice of counsel may have failed to support his opposition for summary judgment with documentary evidence, that fact was simply the last in a long line of failures attributable to the Shellys and not this final attorney.   Accordingly, the

Shellys have failed to show the exceptional circumstances necessary to warranty relief under 60(b)(6) and have fallen well short of demonstrating that equity supports such a grant of relief. The motion for relief is DENIED.

　　　　　IT IS SO ORDERED.


February 13, 2013                                    /s/ John R. Adams
Dated                                                          JUDGE JOHN R. ADAMS
                                                                 United States District Judge